UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOLIDAY OLJII ANNA PEDOTTI II,

                    Plaintiff,

        -against-

RANDOLPH K. ADLER, JR.; ASCENDING
VENTURES; JOSE T. BAER; NUOT SARATZ;        22-CV-6288 (LTS)
GLORIA STARR KINS; SOCIETY AND
DIPLOMATIC REVIEW; THE UNITED                    ORDER
NATIONS HEADQUARTERS
(INTERNATIONAL TERRITORY); THE
UNITED NATIONS GENEVA; THE
TEAMSTERS UNION,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action purportedly invoking the Court's

federal question jurisdiction. On July 24, 2022, Plaintiff filed a complaint and an amended

complaint. The amended complaint is the operative pleading. Plaintiff asserts claims for

"MISREPRESENTATION[,] LEGAL MALPRACTICE[, AND] EMBEZZELMENT (the ACT,

this CLAIM is not for the SUMMATION of MONIES)." (ECF 2, at 1.)[1] Named as Defendants

are Randolph K. Adler, Jr., Ascending Ventures, Jose T. Baer, Nuot Saratz, Gloria Starr Kins,

Society and Diplomatic Review, "The United Nations Headquarters (International Territory),"

"The United Nations Geneva," and the Teamsters Union. By order dated September 15, 2022,

the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without

---

[1] The Court quotes from the amended complaint verbatim. Unless otherwise indicated, all
grammar, spelling, punctuation, and emphasis are as in the original.

prepayment of fees.[2] For the reasons set forth below, the Court directs Plaintiff to show cause, within 30 days of the date of this order, why the Court should not dismiss this action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff does not state when or where the events giving rise to her claims occurred. Her "Statement of Claim" reads, "A man who represents The Teamsters union and has engaged in significant Fraud against my person is Misrepresenting my Legal and Medical interests. I had Three Restraining Orders against him." (ECF 2, at 1.)

The following factual allegations are taken from the amended complaint. Plaintiff has "never allowed Randolph K. Adler Jr. to make any Legal Representation nor Management Agreements on [her] behalf." (*Id.* at 2.) In January 2022, Plaintiff "Formed a HUMANITARIAN

---

[2] By order dated August 10, 2022, the Court directed Plaintiff to either pay the $402.00 in fees required to file a civil action in this court, or to proceed without prepayment of fees, submit a completed IFP application. (ECF 3.) Plaintiff filed an IFP application on September 7, 2022.

FOCUSED S.W.F." and it "was Stolen and Laundered by Randolph K. Adler Jr. and associates

('CLAIM ONE')." (*Id.*) Plaintiff has "worked and acted alone and on my own behalf, Solely and

Specifically, namely in Diplomatic Circles known as << Vienna Klainguti >> (Legally

Registered)." (*Id.*) Defendant Gloria Starr Kinns "informed me that the United Nations laundered

my S.W.F. through 20,000 Non-profit agencies or Organizations and that [Adler] purported to

represent me during such Events." (*Id.*)

      Adler "slandered and misrepresented [Plaintiff] and falsely disseminated information,"

such as,

> (1) I am or have ever been Categorically HOMELESS. (2) I grew up or have lived
> in PUBLIC HOUSING. (3) I have HIV or AIDS. I do not. (4) I am "obsessed"
> with the PEDOTTI family, and not a PEDOTTI [*see BYLAWS of << HEIRS OF
> PEDOTTI ASSOCIATION >> and my K-1 Tax Returns*] (5) I am of "Unknown
> Origin" of any kind. (6) I perform sexual acts for money . . . . (7) I preform [sic]
> sexual acts with persons of color. (8) I am a Dominatrix or Dominant in general. I
> am <u>Submissive</u> but am simply saying <u>NO</u> to man I do not want to engage in
> Sexual Acts with, who continues to claim my Dominant nature gets in the way of
> our ""Relationship"", which I deny existence of (to the NY District Attorney
> related to Domestic Violence charges against him, which disappeared, and he
> continues to this date to call my << MY LOVE >>, when we have not spent time
> together since approximately 15 JULY 2021. (9) I am uneducated or unintelligent,
> when I graduated from Boston University and was considering Law School at
> University of Geneve. (10) That he is not aware of the BRAIN EXPERIMENT
> ("CLAIM TWO").

(*Id.* at 2-3.)

      Plaintiff further suggests that by making such "slanderous claims" about her, Adler may

have violated a New York State Family Court restraining order "that specifically prevents him

from Communication with THIRD PARTIES or DISSEMINATION of FALSE DATE regarding

my person." (*See id.* at 3.)

      Plaintiff seeks "$900,000,000,000 Billion" in damages. (*Id.* at 4.)

      Since filing the amended complaint, Plaintiff has submitted 27 additional motions, letters,

and requests, many of which appear to be unrelated to Plaintiff's claim in this action. For

example, on September 10, 2022, Plaintiff filed a "Motion to Amend" that appears to include

excerpts from "transcripts" bearing descriptions such as "FORENSICS: TRANSCRIPT OF

VIDEO FROM EARLY MONRING OF 12 JULY 2022 PRIOR TO VISIT TO SUPREME

COURT AND EXORCISM HEAD TWIST VIDEO." (ECF 9, at 2.)

On September 12, 2022, Plaintiff filed a submission purporting to document "Forensic

Evidence of DIRECTED ENERGY WEAPON [D.E.W.] USE ON A U.S. CITIZEN," in which

Plaintiff alleges that she "was unnaturally put to sleep by D.E.W." (ECF 10, at 1.) After getting a

full night's rest the prior day, Plaintiff "was on her way out the door when her eyes began to

close unnaturally and she fell asleep alone in her bed." (*Id.* at 2.)

> After falling asleep 100% SOBER and in her own bedroom in her home where
> she currently resides, she woke up this morning at 10.19 – to a swarm of over a
> dozen (12) up to twenty (20) – mosquitos in a swarm directly in from of her eyes
> and her jaw sore from forced and unnatural outward dislocated jaw placement and
> downwards/backwards neuromuscular facial expressions forcing her to appear
> possessed by a DEVIL.

(*Id.*)

> Plaintiff
>
> lay in bed nervously knowing the attack had returned until trying to put her jaw
> back into her skull properly, when the attack became worse. There is drooling,
> eyes bulging out of skull, static and apparently acts of fighting or punching the
> air, extreme problems with posture and the essence of an EXORCISM, which
> seems to be a theme with the D.E.W. ATTACKS.

(*Id.* at 3.)

Plaintiff continues to file multiple unrelated submissions on a daily basis.

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

**B.     Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Although Plaintiff invokes the Court's federal question jurisdiction, she does not identify any federal law under which her claims arise, and her factual allegations, construed liberally, do not suggest a plausible federal cause of action.

C.      **Diversity of Citizenship Jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff fails to allege diversity of citizenship. Although Plaintiff provides a New York, New York mailing address for herself, she does not allege her state of citizenship. Nor does she allege the citizenship of any of the defendants. Moreover, Plaintiff asserts state law claims of misrepresentation, legal malpractice, and "embezzlement," but it is unclear that she can recover damages in excess of the $75,000 statutory minimum.

The Court therefore directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. In her declaration, Plaintiff must allege facts showing that (1) her claims arise under federal law, or (2) she and the defendants are citizens of different states and that her claim is in excess of the $75,000 statutory minimum.

D.      **Litigation history**

Since July 21, 2022, Plaintiff has filed five other actions in this court in addition to this case. *See Pedotti v. Grand Lodge of the State of New York*, ECF 1:22-CV-6296, 18 (S.D.N.Y. Sept. 27, 2022) (dismissing the complaint as frivolous and warning Plaintiff that further nonmeritorious or frivolous litigation in this court will result in an order barring her from filing new actions IFP without prior permission); *Pedotti v. Mount Sinai*, ECF 1:22-CV-6199, 16

(S.D.N.Y. Sept. 26, 2022) (same); *Pedotti v. Musk*, ECF 1:22-CV-7695, 1 (S.D.N.Y. filed Sept. 7, 2022); *Pedotti v. Putin*, ECF 1:22-CV-6220, 1 (S.D.N.Y. filed July 21, 2022); *Pedotti v. Adler*, ECF 1:22-CV-6222, 1 (S.D.N.Y. filed July 21, 2022).

After filing her initial actions, Plaintiff proceeded to email the court's filing inbox ten to twenty emails per day to submit what Plaintiff refers to as exhibits. These emails contained photographs of Plaintiff, some of which are explicit in nature and seemingly unrelated to the actions filed. To address Plaintiff's emails, by order dated August 16, 2022, the Court directed Plaintiff to stop sending emails to the court's filing inbox that attempt to submit exhibits without an accompanying letter or motion. *See In Re Pedotti*, Nos. 22-CV-6199, 22-CV-6220, 22-CV-6222, 22-CV-6288, 22-CV-6296 (S.D.N.Y. Aug. 16, 2022). The Clerk of Court was directed to disregard Plaintiff's emails that do not comply with court procedures. (*Id.*)

As discussed above, since filing the amended complaint in this action, Plaintiff has continued to submit numerous letters and motions that appear to be unrelated to the claims asserted in this action. Plaintiff is warned that continued submission of unrelated or procedurally inappropriate documents may result in an order barring her from filing additional documents in this action without permission from the Court.

## CONCLUSION

The Court directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's declaration, if any, should be submitted to the Pro Se Intake Unit within 30 days and should bear the docket number 22-CV-6288 (LTS). A declaration form is attached to this order.

If Plaintiff fails to submit a declaration within 30 days, or if the declaration does not show that the Court has subject matter jurisdiction of this action, the complaint will be dismissed for lack of subject matter jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     October 24, 2022
           New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Fill in above the full name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)

_____

Signature

_____

Name

_____

Prison Identification # (if incarcerated)

_____

Address                                    City                        State        Zip Code

_____

Telephone Number (if available)

_____

E-mail Address (if available)