UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOLIDAY OLJII ANNA PEDOTTI II,

                Plaintiff,

-against-

RANDOLPH K. ADLER, JR.; ASCENDING VENUTURES; JOSE T. BAER; NOUT SARATZ; GLORIA STARR KINS; SOCIETY AND DIPLOMATIC REVIEW; THE UNITED NATIONS HEADQUARTERS (INTERNATIONAL TERRITORY); THE UNITED NATIONS GENEVA; THE TEAMSTERS UNION,

                Defendants.

22-CV-6288 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action purportedly invoking the Court's federal question jurisdiction.[1] By order dated October 24, 2022, the Court directed Plaintiff to show cause why the Court should not dismiss this action for lack of subject matter jurisdiction. On October 31, 2022, Plaintiff submitted a declaration, which the Court has reviewed. For the reasons set forth in the Court's October 24, 2022, order, and discussed below, the Court dismisses this action for lack of subject matter jurisdiction.

## BACKGROUND

      In its October 24, 2022, order, the Court held that, although Plaintiff invokes the Court's federal question jurisdiction, the complaint does not identify any federal law under which her claims arise, and her factual allegations, construed liberally, do not suggest a plausible federal

---

[1] By order dated September 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

cause of action. The Court also determined that Plaintiff failed to allege facts demonstrating that the Court has diversity of citizenship jurisdiction of her claims because the complaint does not allege Plaintiff's state of citizenship, nor does it allege the citizenship of any of the defendants. Moreover, it is unclear that Plaintiff could recover damages in excess of the $75,000 statutory minimum. (*See* ECF 36.)

The Court therefore directed Plaintiff to show cause, by filing a written declaration, why this action should be not be dismissed without prejudice for lack of subject matter jurisdiction. The Court specifically directed Plaintiff to allege facts showing that (1) her claims arise under federal law, or (2) she and the defendants are citizens of different states and that her claim is in excess of the $75,000 statutory minimum.[2] Plaintiff filed a declaration on October 31, 2022. (ECF 37.)

## DISCUSSION

### A.   Subject Matter Jurisdiction

Plaintiff's declaration fails to demonstrate that the Court has subject matter jurisdiction of her claims. The allegations in her declaration are largely the same as those contained in the complaint. For example, she states,[3]

> I have been tortured and slandered in a coordinated long-term corruption campaign against my person including medical malpractice, human experimentation, military psyop [psychological operations against a U.S. citizen, violating Geneva Conventions][.] That includes the NYPD [22-06222] & the

---

[2] Citing Plaintiff's litigation history in this court and her submission in this action of numerous letters and motions that appear unrelated to her claims, the Court also warned Plaintiff that continued submission of unrelated or procedurally inappropriate documents may result in an order barring her from filing additional documents in this action without permission from the Court.

[3] Plaintiff writes her declaration in all capital letters. For readability, the Court uses standard capitalization when quoting from the declaration. The declaration is otherwise quoted verbatim, and all spelling, grammar, and punctuation are as in the original unless otherwise indicated.

> U.N.'s artificial intelligence population control project/s (as described in General Assembly and repatriation of funds meetings in official research directives) – All against my will. The person listed – in coordination with medical personnel involved – have collectively slandered and dissected my person and violated my right to life. I am no longer as God intended, and I have suffered greatly in almost every regard. ** The psychological effect ** of seeing an unknown person in the mirror, who I find extrodinarily unattractive according to my beauty standards and who is not my organic and natural self, whom I loved very much, is very disruptive to my personal life, my professional life as a model with contracts and my long-term recovery from PTSD.

(ECF 37, at 1-2.)

Plaintiff further alleges that she "was operated on under sedation under an incorrect name and transformed neurologically into a biologically and physiologically unfamiliar being, whom I do not love nor do other" and that her life "prior to the misrepresentation and slander perse campaign outlined in [the complaint] bears almost no resemblance to my life today." (*Id.* at 2.) She restates the allegations in the complaint that Defendants have made false claims about her, and asserts that "physio-logical manipulations, attacks on my character and romantic life, [and being] misrepresented by an attorney with no such power of attorney . . . has caused me irreparable harm." (*Id.*)

In her declaration, Plaintiff does not allege any facts suggesting that she is asserting a federal claim of which the Court would have federal question jurisdiction. Plaintiff also does not allege any facts showing that the parties are diverse or that her claims are worth in excess of $75,000, precluding diversity of citizenship jurisdiction. Because the complaint and Plaintiff's declaration fail to allege facts showing that the Court has either federal question or diversity of citizenship jurisdiction of this matter, the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of providing by a preponderance of the evidence that it exists.").

3

B. **Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the Court has already provided Plaintiff an opportunity to cure the deficiencies identified in the complaint and because those deficiencies cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

C. **Litigation History and Warning**

By order dated August 16, 2022, in this and in other *pro se* actions Plaintiff has filed in this court, the Court directed Plaintiff to stop sending emails to the court's filing inbox that attempt to submit exhibits without an accompanying letter or motion. (ECF 4.) In an order issued on September 26, 2022, in another of Plaintiff's *pro se* actions filed in this court, the Court warned Plaintiff "that further nonmeritorious or frivolous litigation in this court may result in an order barring her from filing any new action without prior permission." *Pedotti v. Mount Sinai*, ECF 1:22-CV-6199, 16 (S.D.N.Y. Sept. 26, 2022). One day later, on September 27, 2022, in another of Plaintiff's *pro se* actions that she has filed in this court, the Court issued another order with the same warning. *Pedotti v. Grand Lodge of the State of New York*, ECF 1:22-CV-6296, 18 (S.D.N.Y. Sept. 27, 2022). All of these warnings remain in effect.

**CONCLUSION**

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court denies all of Plaintiff's pending motions and requests filed in this action as moot. The Court therefore directs the Clerk of Court to terminate all pending motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to enter judgment in this case.

SO ORDERED.

Dated:   December 6, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                            Chief United States District Judge